**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  HAN YONG KIM, | No. 13-72727 |
| HAN YONG KIM, | D.C. No. 8:09-cr-00077-JVS-6 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA, | |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 7, 2014
Pasadena, California

Before:  THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

South Korean citizen Han Yong Kim petitions for a writ of mandamus ordering the district court to permit him to make a special appearance to challenge the sufficiency of the federal indictment against him for bribery. The district court denied the motion, relying on the fugitive disentitlement doctrine and the principle of mutuality in litigation.

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). In determining whether a writ of mandamus should issue, the Ninth Circuit considers five factors:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977) (internal citations omitted).

"[T]he absence of the third factor, clear error, is dispositive." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (internal quotation marks omitted). Kim has the "burden of showing that his right to issuance of the writ is

-2-

clear and indisputable."  *Bauman*, 557 F.2d at 656 (internal quotation marks and alterations omitted).

As we review for clear error on a petition for mandamus, we need not—and do not—resolve the underlying legal issue.  So long as we are not firmly convinced that the district court was wrong, "we cannot hold the district court's interpretation to be clearly erroneous, and thus we cannot issue the writ, even though the district court's interpretation might be overruled later on direct appeal."  *DeGeorge v. U.S. Dist. Court*, 219 F.3d 930, 936 (9th Cir. 2000).

Our sister circuits appear to have taken different positions on the key question of whether fugitive disentitlement can be determined on the basis of "constructive flight."  *Compare United States v. Catino*, 735 F.2d 718, 722 (2d Cir. 1984); *In re Assets of Martin,* 1 F.3d 1351, 1356–57 (3d Cir. 1993); *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997), *with In re Hijazi*, 589 F.3d 401, 412–13 (7th Cir. 2009).

Here, as in *Bauman*, we conclude that "[i]n light of [the] absence of Supreme Court and Ninth Circuit decisions and a split of authority in other jurisdictions, we simply cannot conclude that the district court's order is clearly erroneous as a matter of law as that term is used in mandamus analysis."  *Bauman*, 557 F.2d at 660.

While we decline to decide whether the fugitive disentitlement doctrine applies in a case like Kim's where a foreign national residing abroad refuses to voluntarily travel to the United States for trial in the absence of an extradition order, we must conclude that the district court did not clearly err either in holding that it does. Therefore, we must deny Kim's petition.

**PETITION DENIED.**